### MEYERSON v. LEVY.

(City Court of New York, General Term. November 21, 1899.)

CONTRACT OF EMPLOYMENT—BREACH—DISHONESTY—EVIDENCE.

In an action by a bookkeeper against his employer for wrongful discharge, the evidence showed that in preparing checks for payment of employés from a list handed to plaintiff, who was not familiar with the names of the persons on the list, he drew two checks payable to names not found on the list. The names on the list were mainly of Hebrews, and those on the checks would be pronounced like two of the names on the list, though not spelt in the same manner. The checks not being called for, the employer's attention was called to the nondelivery, and no payments were made on them. *Held* insufficient evidence of dishonesty to justify a dismissal of the complaint.

Appeal from special term.

Action by Charles H. Meyerson against Beno Levy. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FITZSIMONS, P. J., and McCARTHY and CON-LAN, JJ.

Manheim & Manheim, for appellant.
Black, Olcott, Gruber & Bonynge, for respondent.

CONLAN, J.　This is an appeal from a judgment entered upon a dismissal of the complaint at the close of the plaintiff's case. The complaint contains two causes of action: (1) Upon a written agreement for the employment of the plaintiff as salesman, bookkeeper, and general manager, to perform his work in the best manner, at the salary of $12 per week; and 1 per cent. commission on the sales; (2) for the return of $100 deposited with the defendant as security for performance. The defendant admits the agreement, and for a further defense alleges "that the plaintiff was not honest in his fulfillment of the said contract, and did not faithfully fulfill the agreement on his part, and the plaintiff forfeited his right to recover the said sum of $100, or any part thereof, from the defendant." The only evidence adduced upon the trial was given by the plaintiff and his wife. The circumstances which appear to surround the question of the plaintiff's dishonesty were substantially these, viz.: The weekly payroll was made up of slips written in the Hebrew language, which were handed to the plaintiff, and not made up by him; and, from these, checks were filled out by the plaintiff, payable to the order of the persons whose names appeared on the slips; and these, in turn, were handed to and signed by the defendant, and again returned to the plaintiff for delivery to the parties whose names appeared as payees therein. Upon the occasion complained of by the defendant, and which constitutes the alleged charge of dishonesty, two checks had been filled out by the plaintiff with names as furnished to him by the slips, and these checks had been signed by the defendant for delivery. At the close of the day they were not delivered, and the attention of the defendant was called to the fact by the plaintiff. There were in the employ of the defendant at the time two persons whose names were somewhat similar in pronunciation,—at least with those upon the checks and upon the slips,—but the spelling was different. It is not pretended that any money was lost to the defendant, or that these identical checks were used; nor is there any evidence that other checks were drawn for the payment of these two employés, though it may be presumed that they got their pay. However, as was said before, there was no evidence upon that subject; and, if they got their pay afterwards, it is not likely that the plaintiff knew of it, because he was immediately discharged from the defendant's employ. From the evidence as thus given, the court dismissed the complaint. This we think was error. There was enough in the case to have entitled the plaintiff to go to the jury upon the single question as to whether, under all the circumstances, the act of the plaintiff tended to impute to him dishonesty. There was no question of his competency to perform the duties for which he was hired, nor was there any loss imputed to any of his acts. In the ordinary routine of the business,

he had done what appears to have been his duty; and it may well be said that, if a mistake had occurred, it was not properly chargeable to him or to his act. The slips furnished him contained the names which were to be placed upon the checks, and it does not appear that these persons were any of them known to him. In addition to all this, the defendant gave to the plaintiff no reason whatever why he had discharged him, and refused, also, to tell his wife, the only other witness, why he had discharged him; and the only satisfaction either was able to get from the defendant was that the plaintiff was discharged.

For the reasons stated, we are of the opinion that judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.